IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRITTNEY KING, AS MOTHER AND NATURAL GUARDIAN OF J.S. AND A.S.; | § § § § | SA-24-CV-01243-XR |
| *Plaintiff,* | § § § | |
| vs. | § § | |
| FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, ONE HOPE UNITED, FLORIDA 9TH CIRCUIT COURT, LISA SMITH BEDWELL, | § § § § § | |
| *Defendants.* | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By his motion, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on her inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the undersigned recommends the Court grant the motion but recommend the District Court dismiss this case for lack of subject matter jurisdiction.

1

## I.  Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes her income and asset information, which indicates that Plaintiff is unemployed.  Plaintiff has no source of income and no assets except for monthly SNAP food benefits.  The Court finds that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant her motion to proceed IFP.

## II.  Review Under Section 1915(e)

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has also reviewed Plaintiff's proposed Complaint under the standards set forth in Section 1915(e). For the reasons that follow, the undersigned recommends that the District Court dismiss all of Plaintiff's claims.

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.   See 28 U.S.C. § 1915(e)(2)(B). This Court also has an ongoing obligation to evaluate its subject matter jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

This case concerns Plaintiff's custody of two of her children, J.S. and A.S., and her allegation that Defendants committed constitutional and statutory violations in the custody

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

proceedings. Plaintiff's proposed Complaint names four defendants: the Florida Department of Children and Families ("DCF"), One Hope United (which she states is a private child welfare agency contracted by DCF to provide child placement services), the Florida 9th Judicial Circuit Court, and Judge Lisa Smith Bedwell. Plaintiff alleges that her two children were "unlawfully removed from her care" by DCF without a "proper opportunity to be heard in court." She claims that Defendants have deprived her of her parental rights without due process in violation of state and federal laws in "ongoing child custody proceedings in Florida." Specifically, Plaintiff purports to bring claims under the Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments of the U.S. Constitution brought pursuant to 42 U.S.C. § 1983; a due process claim under the Florida Constitution; a claim under Chapter 61 of the Florida Statutes; and two claims under the Texas Family Code. She requests both injunctive and declaratory relief and that this Court "assume jurisdiction over this child custody case."

This case raises numerous concerns regarding jurisdiction, given that Plaintiff's pleading challenges "ongoing" child custody proceedings in another state. First, this Court cannot "assume jurisdiction" of the case regarding the custody of Plaintiff's children. It is well-established that federal courts do not have jurisdiction to decide domestic relations disputes. *See Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (noting that "[a]s a general rule, federal courts refuse to hear 'suits for . . . child custody . . . .'"); *Saloom v. Texas Dep't of Fam. & Child Protective Servs.*, 578 F. App'x 426, 429–30 (5th Cir. 2014) (stating that the "domestic relations exception" to federal jurisdiction "applies to prevent federal courts from issuing or modifying 'a divorce, alimony, or child custody decree'") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992)).

Second, to the extent the state court in Florida has made any "final judgment," the *Rooker-Feldman* doctrine bars an individual from filing a civil rights suit in federal court to collaterally attack a state civil judgment. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). Thus, if any final child custody decision has been made, the Plaintiff cannot use this Court to collaterally attack that decision.

Third, to the extent the child custody proceedings are "ongoing" (as stated by Plaintiff), this Court should decline to exercise jurisdiction. The *Younger* abstention doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges. *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). As described above, domestic relations issues, including child custody, are the province of the state; the states therefore have a great interest in regulating child custody matters. *See Ex parte Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."). Plaintiff also does appear to have had an "adequate opportunity in the state proceedings to raise constitutional challenges," as she states in her proposed Complaint that she has "fil[ed] Writs of

Review and various other legal documents." Thus, the undersigned will recommend that the Court dismiss any claims relating to the custody proceedings regarding Plaintiff's children.

Plaintiff also raises federal constitutional claims under 42 U.S.C. § 1983. It is true that "[t]he mere fact that a claimed violation of constitutional rights arises in a domestic relations context does not bar review of those constitutional issues." *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983). Yet the Fifth Circuit has also held: "Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). Moreover, while "Section 1983 is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights, the statute "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972)).

In summary, a federal court is not the proper court for this lawsuit,[2] as it relates to a matter dedicated to the states and to state proceedings—state court proceedings that are apparently  ongoing and during which Plaintiff can raise her concerns, constitutional and otherwise. Based on Plaintiff's allegations, these jurisdictional problems will not be solved by an amended pleading. The undersigned therefore recommends that the District Court dismiss this case pursuant to Section 1915(e).

## II.  Order and Recommendation

---

[2] The undersigned notes that the Western District of Texas is also likely not the proper venue for this lawsuit, as the defendants reside in Florida, the acts at issue are in Florida, and the children at issue are in Florida. *See* 28 U.S.C. § 1391(b).

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] is **GRANTED**.

Additionally, having considered Plaintiff's proposed Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that this case be **DISMISSED** pursuant to Section 1915(e) for lack of subject matter jurisdiction.

### III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

     SIGNED this 21st day of November, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE