IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRITTNEY KING, AS MOTHER AND NATURAL GUARDIAN OF J.S. AND A.S.;<br>*Plaintiff*<br><br>-vs-<br><br>FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, ONE HOPE UNITED, FLORIDA 9TH CIRCUIT COURT, LISA SMITH BEDWELL,<br>*Defendants* | §§§§§§§§§§ | SA-24-CV-01243-XR |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed November 21, 2024. ECF No. 3.

### BACKGROUND

Plaintiff Brittney King initiated this action against the Florida Department of Children and Families ("DCF"), One Hope United, Florida 9th circuit Court, and Judge Lisa Smith Bedwell under 42 U.S.C. § 1983 on October 28, 2024, seeking to proceed *in forma pauperis* ("IFP"). ECF No. 1.

Plaintiff's proposed Complaint concerns Plaintiff's custody of her children and allegations that Defendants committed constitutional and statutory violations in the custody proceedings. *See* ECF No 1. Plaintiff specifically asserts the following:

1. DCF "unlawfully removed [her children] from her care" without a "proper opportunity to be heard in court."

2. Defendants deprived her of her parental rights without due process in violation of sate and federal laws in "ongoing child custody proceedings in Florida."

ECF No. 1 at 3.

This matter was automatically referred to the Magistrate Judge for disposition of the application to proceed *in forma pauperis* ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's Standing Order of October 8, 2019. *(See* Text Entry dated October 28, 2024). On November 21, 2024, the Magistrate Judge granted Plaintiff's IFP motion but recommended that Plaintiff's Complaint be dismissed pursuant to Section 1915(e) for lack of subject matter jurisdiction. The Magistrate Judge in her report identified the following jurisdictional issues: (i) this Court cannot "assume jurisdiction" of the case regarding Plaintiff's child custody case because federal courts do not have jurisdiction to decide domestic relations disputes[1], (ii) The *Rooker-Feldman* doctrine[2] bars an individual from filing a civil rights suit in federal court to collaterally attack a state civil judgment, (iii) to the extent the child custody proceedings are "ongoing" (as stated by Plaintiff) this Court should decline to exercise jurisdiction as the *Younger* doctrine[3] requires federal courts decline to exercise jurisdiction if federal proceedings would interfere with an "ongoing state judicial proceeding," and (iv) "constitutional claims under 42 U.S.C. § 1983 arising in state proceedings are to be resolved by the state courts". [4]

---

[1] *See Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (noting that "[a]s a general rule, federal courts refuse to hear 'suits for . . . child custody.'")

[2] The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995).

[3] *Younger* doctrine requires federal courts decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges. *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

[4] *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

As stated by the Magistrate Judge, "a federal court is not the proper court for this lawsuit, as it relates to a matter dedicated to the states and to state proceedings—state court proceedings that are apparently ongoing and during which Plaintiff can raise her concerns, constitutional and otherwise."

## DISCUSSION

### I. Legal Standard

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review de novo any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

### II. Analysis

The Magistrate Judge's recommendation was mailed by certified mail on November 25, 2024, to Plaintiff's last known address. ECF No. 4. No objections have been filed, and the time in which to do so has now passed.[5]

---

[5] Service for the purposes of Rule 72 was complete upon mailing the Report to Plaintiff's last known address. *See* FED. R. CIV. P. 5(b)(2)(C) ("A paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing."); *cf. N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996).

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review.

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff Brittney King at 9910 Fuchsia View, San Antonio, TX 78245.

It is so **ORDERED**.

**SIGNED** this 13th day of December, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE